# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **TOMMY LINGEFELT, SR.**<br>La. DOC # 83699<br>VS. | **CIVIL ACTION NO. 08-0732**<br><br>**SECTION P**<br>**JUDGE JAMES** |
| **TIM WILKINSON, WARDEN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Tommy Lingefelt, Sr., filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana. Petitioner attacks his 2003 convictions in the Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

*1. Trial Court*

On January 28, 2003, petitioner was convicted of manufacturing meth-amphetamines, conspiracy to manufacture meth-amphetamines, and possession of marijuana. On some unspecified date sentences totaling 27 years were imposed. [rec. doc. 1, ¶3]

*2. Direct Appeal*

He appealed his conviction and sentence to the Second Circuit Court of Appeals. On

January 28, 2004, the court of appeals affirmed petitioner's convictions and sentences. *State of Louisiana v. Tommy L. Lingefelt, Sr.*, 38,038-KA (La. App. 2 Cir. 1/28/2004), 865 So.2d 280.

On some unspecified date petitioner applied for a writ of *certiorari* in the Louisiana Supreme Court. On September 24, 2004, his application for writs was denied. *State of Louisiana v. Tommy L. Lingefelt, Sr.*, 2004-0597 (La. 9/24/2004), 882 So.2d 1165. Petitioner did not seek further direct review in the United States Supreme Court. [rec. doc. 1, ¶6(d)].

### 3. First Habeas Corpus

On June 10, 2005, petitioner filed a *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) in this court. Petitioner argued no specific claims for relief but instead asked the court to stay the proceedings to enable him to toll the limitations period while he sought post-conviction relief in the Louisiana courts. [*Tommy L. Lingefelt, Sr. v. Tim Wilkinson, Warden*, No. 3:05-cv-1504 at rec. doc. 1] On July 11, 2005, petitioner was ordered to amend his pleadings and to submit his petition on the appropriate form. [*Id*., rec. doc. 2] On August 1, 2005, petitioner filed a "Motion to Withdraw Filing of Premature Habeas Corpus 28 U.S.C. §2254" in which he acknowledged that he had not yet exhausted available state court remedies. He requested permission to withdraw his pleading, or, in the alternative, he requested stay and abeyance. [*Id*., rec. doc. 3] On the same day, United States Magistrate Judge and Clerk of Court Robert H. Shemwell granted petitioner's motion and ordered the petition withdrawn and dismissed without prejudice. [*Id*., rec. doc. 4] On September 2, 2005, petitioner submitted a "Motion to Stay Tolling Period." Petitioner argued that as a result of Hurricane Katrina, additional prisoners were being housed at Winn Corrections Center. He argued that the added population made access to the law library impossible. He noted that he had only 8 days remaining within which to timely submit an

application for post-conviction relief to the Louisiana courts. [*Id.*, rec. doc. 5] On September 9, 2005, the undersigned denied the motion noting that Louisiana Governor Kathleen Blanco had already issued an order suspending state prescriptive periods. The undersigned further noted that petitioner's motion was premature with respect to any federal *habeas corpus* claims.[1] [*Id.*, electronic order following rec. doc. 6]

### *4. Post-Conviction Relief*

On September 26, 2005, petitioner filed an Application for Post-Conviction Relief in the Fifth Judicial District Court. [doc. 1, ¶7(b)] On some unspecified date his application was denied. He sought review in the Second Circuit Court of Appeals, but that court denied relief on March 1, 2007. [*Id.*] On some unspecified date he sought relief in the Louisiana Supreme Court. On January 11, 2008, his application for writs was denied. *State of Louisiana ex rel. Tommy Lee Lingefelt, Sr. vs. State of Louisiana*, 2007-0804 (La. 1/11/2008), 972 So.2d 1158.

### *5. Habeas Corpus*

Petitioner signed his federal *habeas corpus* petition on May 16, 2008 [rec. doc. 1, p. 8; rec doc. 1-3, pp. 12-13]; it was mailed on May 19, 2008 [rec. doc. 1, p. 9] and received and filed on May 21, 2008. Applying the "mailbox rule," it will be assumed that the earliest date that the

---

[1] As will be discussed more fully hereinafter, 28 U.S.C. §2244(d) provides a 1-year period of limitations for state prisoners filing petitions for *habeas corpus*. This period is generally reckoned from the "... date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review..." §2244(d)(1)(A). Ordinarily, a Louisiana prisoner's conviction becomes final for purposes of §2244 ninety days after the judgment of the Louisiana Supreme Court denying writs on direct review is entered, when the time to file a petition for writ of *certiorari* with the United States Supreme Court has expired. See U.S. Sup.Ct. R. 10(b), 6 & 13 (requiring filing within 90 days of a state court of last resort entering judgement, with review of the decision by a state court of last resort); see also *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir.1998). Thus, petitioner's judgment became final for AEDPA purposes 90 days following the Louisiana Supreme Court's September 24, 2004 writ denial, or on or about December 24, 2004. While approximately 9-months of the 1-year limitation period had expired by the time petitioner filed his motion, it was abundantly clear that the AEDPA limitations period was in no danger of expiring provided petitioner judiciously managed the remaining time.

pleading could be considered filed is May 16, 2008, the date petitioner signed his pleadings.[2]

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's

---

[2] Under the "prison mailbox rule," a *pro se* prisoner's federal *habeas corpus* petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures. See *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.1999). In the absence of any contradictory information, and, giving petitioner the benefit of every doubt, the date he signed his pleadings must be considered the date he submitted his pleadings to prison officials for mailing to the court.

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals. When that court affirmed his conviction and sentence, he applied for writs to the Louisiana Supreme Court. That court denied writs on September 24, 2004 [*State of Louisiana v. Tommy L. Lingefelt, Sr.*, 2004-0597 (La. 9/24/2004), 882 So.2d 1165], and petitioner did not seek further direct review in the United States Supreme Court. [rec. doc. 1, ¶6(d)].

Therefore, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], ninety days following the Louisiana Supreme Court's writ denial, or on or about December 24, 2004. See *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir.1998).

Petitioner filed a pleading purporting to be an application for writ of *habeas corpus* in this court on June 10, 2005, and that proceeding remained pending until August 1, 2005, when petitioner's motion to withdraw was granted and his original pleading was dismissed without prejudice. Petitioner attempted to revive that action on September 2, 2005, by his motion to stay. However, that motion was denied on September 9, 2005. The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation..." However, petitioner may not rely on the pendency of the federal habeas corpus proceeding to toll limitations pursuant to 28 U.S.C. §2244(d)(2) because his pleading was not a "... properly filed application for <u>State</u> post-conviction or other collateral review..." See *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120,

5

150 L.Ed.2d 251 (2001).

Petitioner filed a State application for post-conviction relief on September 26, 2005. [doc. 1, ¶7(b)] However, by the time he filed that pleading, a period of 275 un-tolled days had already elapsed.[4]

Petitioner's state post-conviction remained pending in either the Fifth Judicial District Court, the Second Circuit Court of Appeals or the Louisiana Supreme until January 11, 2008, when the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. Tommy Lee Lingefelt, Sr. vs. State of Louisiana*, 2007-0804 (La. 1/11/2008), 972 So.2d 1158. Once the Supreme Court denied writs, petitioner's state post-conviction application ceased to be pending and the AEDPA limitations period began to run anew. Petitioner did not file his federal *habeas corpus* petition until May 16, 2008; thus, an additional period of 125 days elapsed un-tolled.

Thus, a period of 275 days elapsed un-tolled between the date petitioner's judgment of conviction became final by the conclusion of the time for seeking further direct review and the date he filed his state post-conviction application. Petitioner was able to toll the limitations period during the time that this post-conviction application remained pending in the Louisiana courts. Thereafter, however, an additional period of 125 un-tolled days elapsed before petitioner filed his federal *habeas corpus* petition. Since a total of 400 un-tolled days elapsed between finality of judgment and the filing of the *habeas* petition, the petition is time-barred.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare

---

[4] As noted above, petitioner's judgment became final for AEDPA purposes on December 24, 2004. There are 275 days between that date and September 26, 2005, the date petitioner filed his state post-conviction application.

6

and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Further in order to be eligible for the benefits of equitable tolling, a habeas petitioner must diligently pursue relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir.1999) (to be entitled to equitable tolling "applicant must diligently pursue ... relief"). Petitioner inexplicably allowed a period of over four months to elapse between the date the Louisiana Supreme Court denied writs and the date he filed his federal petition. Equitable tolling is not available for "... those who sleep on their rights." See *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989).[5]

### 3. Conclusion and Recommendation

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

Accordingly,

---

[5] To the extent that petitioner may seek the benefits of tolling based upon the events that occurred in the aftermath of Hurricane Katrina, such a claim has no basis in fact or law. As noted above, when petitioner originally sought an order for stay and abeyance in this court, he still had over 3 months remaining on the AEDPA limitations period. He was successful in tolling the period by the timely filing of his Application for Post-Conviction Relief. That proceeding remained pending and tolled the AEDPA limitations period until January 2008. Thereafter, petitioner's negligence in allowing an inordinate period of time to elapse un-tolled before he filed the instant petition resulted in the untimely filing of the instant petition.

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, July 14, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE