RECEIVED
IN MONROE, LA
SEP 3 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TOMMY LINGEFELT, SR. | CIVIL ACTION NO. 08-0732 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TIM WILKINSON, WARDEN | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On July 14, 2008, Magistrate Judge Karen L. Hayes recommended dismissal of the instant petition for writ of *habeas corpus*, having concluded that the petition was time-barred by the provisions of 28 U.S.C. § 2244(d). [Doc. No. 2]. Petitioner objected to the Report and Recommendation, claiming that he is entitled to equitable tolling because he was actively misled by post-conviction counsel. [Doc. No. 3]. On August 28, 2008, the Court directed the Magistrate Judge to convene an evidentiary hearing and thereafter to prepare a supplemental report and recommendation addressing the issue of equitable tolling. [Doc. No. 4].

Because Petitioner's petition presented an apparent time-bar, the Magistrate Judge did not fully explore the issues of exhaustion and procedural default.[1] Nor did she require Petitioner to

---

[1] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). Petitioner raises three claims for relief. In Claims One and Two, he complains that he was denied the right to be present and to produce witnesses at a post-conviction hearing. In Claim Three, he complains that his sentence is excessive. However, Petitioner makes only fleeting references to the violation of rights guaranteed to him under the United States Constitution; it is unclear at this time whether he fairly presented any federal claims before the state courts.

In addition, the procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.*

provide a more specific and detailed chronology of events. Without a more specific chronology, it is impossible to determine whether the instant *habeas corpus* petition was time-barred before Petitioner allegedly retained the services of his post-conviction attorney. Without more detailed pleadings and exhibits, it is impossible to determine whether the petition is subject to dismissal on other grounds, namely procedural default, failure to exhaust available state court remedies, or failure to state a claim for which relief may be granted.

Before the Court convenes an evidentiary hearing to address the issue of equitable tolling, Petitioner should amend his petition and provide the information necessary for the Magistrate Judge to complete an initial review. Thereafter, the Magistrate Judge shall review the pleadings and report whether an evidentiary hearing on the issue of equitable tolling is necessary. Accordingly,

IT IS ORDERED that Petitioner amend his petition within forty (40) days of this Order and provide the following:

1. The date that Petitioner was sentenced. (If available, Petitioner should provide a copy of the minutes of court.);

2. If applicable, the date Petitioner filed any post-sentencing motions, i.e., Motion to Reconsider Sentence, and, if so, the date upon which his motion was denied;

3. The date Petitioner, or someone acting on his behalf, filed a notice of appeal;

4. A copy of Petitioner's appeal brief filed in the Second Circuit Court of Appeal;

5. A copy of the Second Circuit Court of Appeal's Notice of Judgment with regard to

---

*Thompson*, 501 U.S. 722, 750–51 (1991). If Petitioner's claims are unexhausted, but now procedurally defaulted, Petitioner may obtain *habeas* review only upon a showing of cause for the default, prejudice arising from the default, or, in the alternative, that a miscarriage of justice would result if the federal court failed to address the merits of his claims.

Petitioner should, therefore, amend his petition to address the issues of exhaustion of state court remedies, procedural default, cause and prejudice, and miscarriage of justice, as set forth in this Order.

the appeal in the matter entitled *State of Louisiana v. Tommy L. Lingefelt, Sr.*, 38,038 (La. App. 2 Cir. 1/28/2004). **TO THE EXTENT THAT PETITIONER MAINTAINS THAT THE COURT'S NOTICE OF JUDGMENT WAS MAILED ON SOME DATE OTHER THAN JANUARY 28, 2004, HE SHOULD PROVIDE EVIDENCE TO SUPPORT SUCH A CLAIM. OTHERWISE, IT WILL BE ASSUMED THAT THE SECOND CIRCUIT COURT OF APPEAL COMPLIED WITH ITS OWN RULES AND MAILED NOTICE OF JUDGMENT IN ACCORDANCE WITH THE PROVISIONS OF UNIFORM RULE 2-16.4;**

6. A copy of any correspondence to Petitioner from Petitioner's court-appointed appellate counsel following the Second Circuit Court of Appeal's decision in the matter entitled *State of Louisiana v. Tommy L. Lingefelt, Sr.*, 38,038 (La. App. 2 Cir. 1/28/2004);[2]

7. A **DATED** copy of Petitioner's Application for Writs filed in the Louisiana Supreme Court in the matter entitled *State of Louisiana v. Tommy L. Lingefelt, Sr.*, 2004-KO-0597 (La. 9/24/2004); 882 So.2d 1165;

8. A **DATED** copy of Petitioner's Application for Post-Conviction Relief filed in the Fifth Judicial District Court;

9. A copy of the transcript and/or court minutes of the evidentiary hearing which Petitioner claims was convened on his application for post-conviction relief;

10. A copy of the trial court's Judgment/Reasons for Judgment or Per Curiam denying Petitioner's application for post-conviction relief;

11. A **DATED** copy of Petitioner's application for writs in the Second Circuit Court of Appeal seeking review of the denial of his application for post-conviction relief;

12. A copy of the Second Circuit Court of Appeals' Judgment denying writs in the matter under Docket Number 42288-KH and a copy of the Court's Notice of Judgment. **TO THE EXTENT THAT PETITIONER MAINTAINS THAT NOTICE OF JUDGMENT WAS MAILED ON SOME DATE OTHER THAN THE DATE THAT JUDGMENT WAS RENDERED, HE SHOULD PROVIDE EVIDENCE TO SUPPORT SUCH A CLAIM. OTHERWISE, IT WILL BE ASSUMED THAT THE SECOND CIRCUIT COURT OF APPEAL COMPLIED WITH ITS OWN RULES AND MAILED NOTICE OF JUDGMENT IN ACCORDANCE WITH THE PROVISIONS OF UNIFORM RULE 2-17.1;**

---

[2] Petitioner is not required to divulge any protected attorney-client communications unless he wishes to waive that privilege.

13. A **DATED** copy of Petitioner's Application for Writs filed in the Louisiana Supreme Court in the matter entitled *State of Louisiana ex rel. Tommy Lee Lingefelt, Sr. v. State of Louisiana*, 2007-KH-0804 (La. 1/11/2008); 972 So.2d 1158;

14. Copies of all employment or retainer contracts entered into between Petitioner and his attorney, James R. Clary, Jr., and copies of all correspondence between Petitioner and his attorney evidencing an attorney-client relationship as described by Petitioner;[3]

15. To the extent that any of Petitioner's claims remain unexhausted but now procedurally defaulted, Petitioner should brief the issues of cause and prejudice or miscarriage of justice.

MONROE, LOUISIANA, this 3 day of September, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3]See text accompanying note 2, *supra*.